Dear Mr. Orlesh:
You have requested an opinion of the Attorney General relative to a proposed one-time structured salary increase of limited duration to the unclassified employees of the Port of New Orleans ("Port"). The proposed plan will affect the compensation of all twenty-five unclassified employees, and is intended to serve as an inducement to these employees to continue their employment with the Board by better ensuring that their compensation remain competitive within the port and maritime industry.
You state that the salary supplements under the proposed plan will have prospective effect, only, and be granted by the management of the Port either in one lump sum payment or over an extended period of up to twelve months. The salary increases will also be predicated upon an annual comprehensive performance evaluation process reflected by an extensive employee evaluation form.
You further state that the amount of the increase would be calculated as a fixed percentage of the employees' current annual salary, but would not affect the employees' base salary. You ask whether such a pay plan, under the circumstances described above, is legally permissible.
We find the issue presented herein to be controlled by the provisions of Article VII, Section 14(A) of the 1974 Louisiana Constitution, which provides, in pertinent part, the following:
 "Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private"
This office has consistently opined that the payment of a bonus, or any other gratuitous unearned payment to public employees is prohibited, as same would be tantamount to a donation. In accord our Attorney General Opinion Nos. 95-165, 92-295, 92-282, 89-190, 88-344, 86-639, 83-940-A, 81-1329 and 80-806.
Essentially, all of these authorities cite the well-established rule that payments of additional compensation to public employees, to be constitutionally valid, must be in the form of salary increases for future services to be rendered, not extra compensation for past services already rendered and recompensed. Various methods attempting to disguise constitutionally prohibited extra compensation for past services rendered and recompensed in the authorities cited above were found to be equally invalid.
Conversely, this office does not consider Article VII, Section 14 to prohibit earned increases in compensation, or earned supplemental compensation, unless such supplemental compensation is specifically prohibited. In our opinion, whether a payment of money is a donation or earned compensation is a factual determination. We find support for this position inState v. Davis, 359 So.2d 803 (La.App. 3rd Cir. 1989), Writ Denied. Therein, the Court held:
 "We are presented with a factual determination: were the two payments . . . which defendant paid to himself extra compensation for past services rendered . . . or . . . salaries for services rendered but for which no salary was drawn when the services were rendered.?" (Emphasis added.)
We have reviewed the factual scenario presented under the proposed pay plan presented in your request. It is our opinion that the proposed pay plan cannot be construed as an attempt by the Port to make a "donation" to its unclassified employees. Rather, the supplement constitutes earned compensation.
Accordingly, it is the opinion of this office that the pay plan proposed by the Port constitutes earned compensation and, therefore, does not violate the provisions of Article VII, Section 14.
Should you have any additional questions concerning this matter, please do not hesitate to contact me.
With kindest regards, I am
Very truly yours,
 RICHARD P. IEYOUB
Attorney General
 By: ___________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla
Date Received:
Date Released: